In an action to recover damages for medical malpractice, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Hart, J.), dated May 16, 2012, which, upon the granting of the defendants’ motion pursuant to CPLR 4401, made at the close of evidence, for judgment as a matter of law, is in favor of the defendants and against her, dismissing the complaint.
Ordered that the judgment is affirmed, with costs.
The plaintiff, Deborah Brown, is the daughter of Pearlie Brown (hereinafter the decedent). In 2003, the decedent was diagnosed with end-stage renal disease and was thereafter required to undergo hemodialysis (hereinafter dialysis) three times per week. In order to facilitate the dialysis process, the decedent underwent surgery in 2003 by a vascular surgeon to insert “a left brachial artery to brachial vein arteriovenous (A/V) graft.”
From 2007 until her death in 2009, the decedent received regular dialysis treatment via the A/V graft at the defendant North Shore Long Island Jewish Health System, doing business as Long Island Jewish Medical Center Satellite Dialysis Facility (hereinafter the Dialysis Center). In 2007 the decedent came under the care of the defendant Hitesh Shah, a nephrologist. The last time that the decedent saw Shah was on August 12, 2009, during one of her dialysis sessions. In the notes which Shah prepared on that date, Shah indicated, inter alia, that the decedent’s A/V graft was “functioning well.” On the morning of August 26, 2009, the decedent received dialysis at the Dialysis Center and, when she was finished, at approximately 8:45 a.m., she was sent home. At approximately 4:15 p.m. on that same afternoon, the decedent called the 911 emergency number because she was bleeding from her A/V graft. The decedent died later that day and, according to the autopsy report, the cause of death was “hemorrhage due to cutaneous erosion of arterio *949 venous graft.” The plaintiff subsequently commenced this action against the Dialysis Center and Shah to recover damages for medical malpractice. The defendants moved pursuant to CPLR 4401, at the close of evidence, for judgment as a matter of law dismissing the complaint. The Supreme Court granted the motion and dismissed the complaint.
“The required elements of proof in a medical malpractice action are a deviation or departure from good and accepted standards of medical practice, and evidence that such departure proximately caused the plaintiff’s injuries” (Goldberg v Horowitz, 73 AD3d 691, 693 [2010]). “Generally, expert testimony is necessary to prove a deviation from accepted standards of medical care and to establish proximate cause” (id.) see Dockery v Sprecher, 68 AD3d 1043, 1045 [2009]). “A trial court may only grant judgment as a matter of law in the defendant’s favor pursuant to CPLR 4401 where it finds, upon the evidence presented, that there is no rational process by which the jury could find in the plaintiffs favor” (Goldberg v Horowitz, 73 AD3d at 693; see Szczerbiak v Pilat, 90 NY2d 553, 556 [1997]).
At trial the plaintiff called one expert witness, a nephrologist. This expert testified, inter alia, that the defendants departed from good and accepted medical practice in failing to refer the decedent to a vascular surgeon or to the hospital, either when she was last seen by Shah or when she completed her last dialysis treatment, so that the A/V graft could be evaluated. However, the plaintiff did not offer any expert testimony as to what, if anything, would have been done for the decedent, if she had been so referred. Indeed, the plaintiffs expert stated that only a vascular surgeon could determine if the graft needed to be revised, and he further opined that a functioning graft would not have been removed. In addition, there was no medical evidence to show that, had the decedent been referred to a hospital, she would have been admitted thereto, or that it was medically necessary to make any alteration regarding the A/V graft at such time. “Establishing proximate cause in medical malpractice cases requires a plaintiff to present sufficient medical evidence from which a reasonable person might conclude that it was more probable than not that the defendant’s departure was a substantial factor in causing the plaintiffs injury” (Semel v Guzman, 84 AD3d 1054, 1055 [2011]). Since the plaintiff failed to meet her burden of presenting medical evidence demonstrating that the alleged departure proximately caused the decedent’s subsequent injury or death, the jury would have had to speculate as to causation. Under such circumstances, it was proper for the Supreme Court to grant the defendants’ motion pursu *950 ant to CPLR 4401 for judgment as a matter of law dismissing the complaint (see Godlewska v Niznikiewicz, 8 AD3d 430, 431 [2004]; cf. Goldberg v Horowitz, 73 AD3d at 693-694).
The plaintiffs remaining contentions do not require reversal. Balkin, J.E, Leventhal, Sgroi and Miller, JJ., concur.